UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00078 |
| ) | Judge Aleta A. Trauger |
| ) | |
| WYNWOOD APARTMENTS, LLC, ) | |
| BELEW CONSTRUCTION, LLC, and ) | |
| WILLIAM L. BELEW, JR., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

William L. Belew, Jr. has filed a Renewed Motion to Dismiss (Doc. No. 30), to which Cynthia George has filed a Response (Doc. No. 31.) For the reasons set out herein, the motion will be denied.

Ms. George has sued the three defendants based on alleged accessibility-related Fair Housing Act ("FHA") violations at the Wynwood Apartments, an apartment complex in Clarksville, Tennessee. (Doc. No. 27 ¶ 1.) One defendant, Wynwood Apartments, LLC, is the business entity that allegedly owns the property. (*Id.* ¶ 9.) Another defendant, Belew Construction, LLC, is the business entity that allegedly oversaw the design and construction of the property. (*Id.* ¶ 10.) The third defendant, Mr. Belew, is an individual, whom Ms. George describes as "the developer of the [p]roperty." (*Id.* ¶ 11.) Mr. Belew—who does not appear to dispute that Belew Construction, LLC is his company—has asked the court to dismiss the claims against him, because he "did not design, nor did he individually approve any of the renderings or [blueprints] for the apartment in question." (Doc. No. 30 at 1.)

Some aspects of Mr. Belew's argument can be rejected out of hand as inappropriate in connection with a motion to dismiss for failure to state a claim. Rule 12(b)(6), which governs such motions, requires the court to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). Because Rule 12(b)(6) is focused only on the facial sufficiency of the plaintiff's pleaded allegations, it neither includes nor needs any procedural mechanism through which a defendant might seek to refute those allegations with contrary facts of his own. Such issues are, by definition, outside of the narrow inquiry permitted by Rule 12(b)(6). The court, accordingly, must ignore Mr. Belew's assertions regarding his role in the development or oversight of the property at issue. All that matters, for now, is what Ms. George has alleged: specifically, that Mr. Belew "participated in the design and construction of," and "hired various contractors to design and build," the property. (Doc. No. 27 ¶ 11.)

Ms. George has made those allegations "[u]pon information and belief"—that is, based on her understanding of the situation drawn from sources other than her direct experience. (*Id.*) That approach is permitted, if appropriate. "For example, sometimes a plaintiff may lack personal knowledge of a fact" central to her claim and must, therefore, rely on either "'information furnished by others'" or an inference supported by "'sufficient data.'" *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 447 (6th Cir. 2014) (quoting Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed.)). Situations such as this one—in which a plaintiff's allegations implicate the division of responsibilities behind the opaque exterior of a private company—are a prime example of why an approach to pleading that goes beyond direct knowledge is sometimes necessary.

The phrase "upon information and belief" is not, however, a blank check. Typically, a plaintiff should "set forth a factual basis" for any belief that is not based on her direct experience.

2

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Ms. George's Amended Complaint could have been clearer in this regard, but, reading the facts in her favor and drawing all reasonable inferences from those facts, the basis of Ms. George's belief is apparent. Mr. Belew is allegedly the "developer" of Belew Construction, LLC projects, such that he oversaw and/or participated in design and construction decisions regarding those projects. That is a sufficient basis for inferring that he played such a role in relation to this property, in particular.

The question before the court, therefore, is whether such an allegation supports an assertion of liability under the FHA that is sufficient to avoid dismissal. In most cases, including this one, the Federal Rules require only that the plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). That requirement has been interpreted to mean that the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

Mr. Belew's limited briefing[1] does not dispute the assertion that the property at issue was out of compliance with the FHA; it argues only that he, personally, should not be a defendant. "[T]he FHA," however, "expressly provides for individual liability." *United States v. Key Bank*

---

[1] Mr. Belew's Renewed Motion to Dismiss (Doc. No. 30) is not accompanied by a Memorandum in Support. His earlier Motion to Dismiss (Doc. No. 16) raising the same issue was, however, accompanied by such a Memorandum (Doc. No. 16-1), and the court has considered that briefing alongside the currently pending motion.

3

*Nat'l Ass'n*, No. 3:97 CV 7801, 1999 WL 35820275, at *2 (N.D. Ohio June 16, 1999) (collecting cases). Federal regulations, moreover, set out a fairly wide range of ways in which such individual liability might arise:

> (1) A person is directly liable for:
>
> (i) The person's own conduct that results in a discriminatory housing practice.
>
> (ii) Failing to take prompt action to correct and end a discriminatory housing practice by that person's employee or agent, where the person knew or should have known of the discriminatory conduct.
>
> (iii) Failing to take prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it. The power to take prompt action to correct and end a discriminatory housing practice by a third-party depends upon the extent of the person's control or any other legal responsibility the person may have with respect to the conduct of such third-party.

24 C.F.R. § 100.7(a). The Amended Complaint alleges that Mr. Belew was personally involved in the design and construction of a noncompliant building, giving rise to potential liability under those straightforward principles.

Mr. Belew argues that he should nevertheless be shielded from such liability by the fact that his company is an LLC, and any actions he took in connection with the property were on behalf of that entity. Even assuming that some argument along those lines might be viable—and the court reaches no conclusion on that legal question—it would not support dismissal under Rule 12(b)(6) in this instance. Questions regarding the extent of protection offered by the corporate form tend to be complex and multifactorial. *See, e.g.*, *F&M Mktg. Servs., Inc. v. Christenberry Trucking & Farm, Inc.*, 523 S.W.3d 663, 666 (Tenn. Ct. App. 2017) (listing factors for piercing the corporate veil). That is particularly true when the defendant at issue is not merely a business entity's owner or member, but also is alleged to have been directly involved in the actions giving

rise to the asserted claim—as Mr. Belew is asserted to have been. Ms. George is not alleging merely that Mr. Belew should be liable for his company's discrimination because he formally owns the company; Ms. George is alleging that Mr. Belew is liable based on his own actions and omissions—actions and omissions that he happened to be in a position to perform due to his ownership of the company, but which also could have been performed by a non-owner executive or agent with the same responsibilities. "[C]ourts across the country have routinely imposed individual liability for [individual] discriminatory actions under the FHA," including in cases involving business entities. *Chavez v. Aber*, 122 F. Supp. 3d 581, 593 (W.D. Tex. 2015) (collecting cases). It is not a defense merely to point out that Mr. Belew happened to be working for an LLC—whether his or someone else's—when he allegedly violated the Act in his individual capacity. The court, therefore, has no basis for dismissal.

For the foregoing reasons, Mr. Belew's Renewed Motion to Dismiss (Doc. No. 30) is hereby **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge