IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE, | § |
| Plaintiff, | § Civil Action No.: 3:23-cv-00078 |
| v. | § |
| WYNWOOD APARTMENTS, LLC, BELEW CONSTRUCTION, LLC, and WILLIAM L. BELEW, JR., | § |
| Defendants. | § |

## SECOND AMENDED INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 3613(a).

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

Plaintiff Cynthia George ("Plaintiff"), a disabled individual, brings this action against Defendants Wynwood Apartments, LLC, Belew Construction, LLC, and William L. Belew, Jr. ("Defendants"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

The FHA specifically requires that apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with certain minimum accessible features for people with disabilities. All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements.

Plaintiff brings this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA. Defendants' apartment complex, the Wynwood Apartments (the "Apartments"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiff also seeks damages as permitted by federal law.

2) DEFENDANT:

Defendant William L. Belew, Jr. has a pending motion to dismiss him in his individual capacity. The remaining Defendants assert that their facility is holistically compliant with all requirements of FHA and therefore have no liability to the Plaintiff.

To date the Defendants have been unable to verify that Plaintiff has ever been to or toured their facility. They have no application from Plaintiff and can only find an online apartment inquiry with no reply or verification that Plaintiff actually sought housing at the facility. Defendants rely on the Affirmative Defenses as asserted in their response to this action.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

    1) Did Defendants participate in the design or construction of the Apartments?

    2) Are there any features of the Apartments that fail to comply with FHA design and construction requirements?

3) If so, which features are noncompliant and what remediation is appropriate?

4) What damages and injunctive relief should be awarded.

E. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 26, 2024. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

F. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before February 26, 2024.

G. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 4, 2024. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed <u>25 pages</u>. A party must request leave of court to file a motion for partial summary judgment.

H. ELECTRONIC DISCOVERY. The default standard contained in Administrative Order No. 174-1 applies to this case. The parties shall produce emails and other electronic information in reasonably usable form.

I. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3–4 days. The Court entered an Order setting trial for July 23, 2024.

J. All other dates and deadlines from the Amended Initial Case Management

Conference have passed. *See* Dkt. 24. Those deadlines and dates in incorporated by reference.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ _____
Jacob B. Mathis
MATHIS, BATES & KLINGHARD, PLLC
412 Franklin Street
Clarksville, Tennessee 37040
(931) 919-5060
jmathis@mbklegal.com

*Counsel for Defendants*


/s/ Eric Calhoun by permission
Eric G. Calhoun
CALHOUN & ASSOCIATES
1595 N. Central Expressway
Richardson, Texas 75080
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

*Counsel for Plaintiff*